Bertram Harnett, J.
In these actions, the plaintiffs ask the court to invalidate their unpaid water bills, and to enjoin the imposition of any nonpayment penalties. They touch some interesting aspects of government in business.
The plaintiffs are residents of the Levittown Water District, a special district organized by the Town of Hempstead. (Town Law, § 190 et seq.) The Hempstead Town Board, which oversees the district’s functions (Town Law, § 198, subd 3), voted to install water meters in all homes.
The plaintiffs Hagen had a meter installed in their home, *503 but they have refused to pay the water bills based on the meter reading.
The plaintiffs Garvin have not permitted installation of a meter on their property. They have refused to pay the estimated water bills sent to them by the district.
The plaintiffs rely on several different theories to void their bills. They claim a municipal entry onto their land to dig, and install the water meters violates their property rights. And, they say, the town cannot do this without paying compensation. But, that has no bearing on this particular case. Whatever damage claim the plaintiffs may have against the town or the district, that does not affect the validity of their water bills. Nor does it justify the failure to pay those bills.
The Hagens say the town "promised” not to bill by the meter until meters were installed for all residential accounts in the district. They claim that because some residents do not yet have meters, the meter bills are invalid.
Apparently, town officials did announce at one time that meter billing would await district-wide installation. However, over 99% of the homes in the district now have water meters, and the program is almost complete. The Hagens have no substantial grounds to complain, particularly since they have not demonstrated in any event that the announcement was part of any binding contract with them. It was merely a statement of policy which the town and water district could change at any time. It is an action well within sovereign discretion.
The Garvins have been receiving "estimated” bills based on the average of the highest 5% of the residential billings in the area. The Garvins claim there is currently no authority for any estimated billing scheme; they are correct.
Section 72-4 of the Town of Hempstead Code fixes water rates. It contains two rate schedules: "flat rate” and "meter rate”. By resolution dated March 28, 1972, the "meter rate” went into effect for metered residences. This rate schedule relates a user’s water bill to the amount of water consumed. But it makes no provision for estimating the consumption of water for homeowners without meters. The defendants have shown the court no resolutions of the town board, nor regulations of any other rate-making body which authorizes this estimated billing scheme. (Town Law, § 198, subd 3, par [d].) Without authority, the water district is powerless to impose these estimated bills.
*504 Since the meter rates authorized by the town board on March 28, 1972 apply only to metered residences, the flat rate must still apply to unmetered accounts. That rate of $2.50 per quarter is the only charge now authorized to be collected from unmetered homes.
Accordingly, the court will enter judgment declaring bills to the plaintiffs Hagen, based on reading of their water meters, to be valid and lawful, and declaring the estimated bills to the plaintiffs Garvin to be void and unenforceable, and enjoining imposition of any penalties for nonpayment. The town may, however, bill and collect from the Garvins at the flat rate.